IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

IN THE MATTER OF:

KAREN J. ANTHONY,

Debtor.

4:12-CV-3124
4:12-CV-3125
4:12-CV-3126

BANKRUPTCY NO. BK11-42232

ORDER

     This case is before the Court on the appellant's motions for extension of brief date (case no. 4:12-cv-3124 filing 16, case no. 4:12-cv-3125 filing 7, case no. 4:12-cv-3126 filings 7 and 8). The appellant's briefs are scheduled to be filed on or before July 6, 2012; the appellant is seeking a 60-day extension of that deadline. The appellant's motions are granted in part and in part denied.

     As the Court has previously noted, Fed. R. Bankr. P. 8009(a) provides for relatively expedited briefing. That makes sense—bankruptcy proceedings often provide an incentive for delay. And there is generally no need for an extended briefing schedule in a bankruptcy appeal—because the subject of a bankruptcy appeal to the district court is a matter that has already been litigated in the bankruptcy court, the factual and legal issues should be familiar to the litigants.

     This case is no different. Although the appellant here suggests that she needs an extra 60 days to research and draft her briefs, common sense suggests that having litigated these issues in bankruptcy court, the appellant should already have done whatever research was necessary to support her arguments. An appeal to federal district court is not the time to start evaluating whether one's case has merit.

     This bankruptcy proceeding has been pending since August 2011, and it is not a particularly complicated case. It is in the interests of *all* the parties—as evidenced by the appellant's repeated motions for stays—that these appeals be resolved expeditiously. Nonetheless, the Court is not without sympathy for the difficulty of being a *pro se* litigant in federal court, and is willing to believe that the appellant's request for an extension of her brief date is motivated, at least in part, by the desire to do the best job she can on the briefing. And it appears from the appellant's motion that the pendency of these appeals is not preventing her creditors from proceeding in accordance with the bankruptcy court's orders. So, the Court will grant a one-time-only extension of the appellant's brief date.

But the appellant's request for a 60-day extension is beyond the pale. It is completely out of line with the expedited schedule contemplated by Rule 8009, and as noted above, there is no reason that at this point in the proceedings, the appellant should not be familiar enough with whatever authority supports her arguments to be able to prepare her briefs. The Court finds that a 20-day extension is appropriate.

IT IS ORDERED:

1. The appellant's motions for extension of brief date (case no. 4:12-cv-3124 filing 16, case no. 4:12-cv-3125 filing 7, case no. 4:12-cv-3126 filings 7 and 8) are granted in part, and in part denied.

2. The appellant, Karen J. Anthony, shall file and serve her brief, in each of the above-captioned appeals, on or before July 26, 2012.

3. Any appellee wishing to file and serve a response brief may do so, in any of the above-captioned appeals, on or before August 13, 2012.

4. The appellant may file and serve a reply brief to any appellee's response brief on or before August 23, 2012.

5. These appeals shall be ripe for disposition immediately thereafter.

Dated this 5th day of July, 2012.

BY THE COURT:

John M. Gerrard
United States District Judge

- 2 -